IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY MARK CAMERON ABBOTT, | § § § § | |
| Plaintiff | § § | |
| V. | § § § | Civil Action No. A-06-CA-359-LY |
| JACQUELYN VAYE ABBOTT, | § § § | |
| Defendant | § | |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(c)**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Jacquelyn Vaye Abbott, who has been named as the Defendant in this case, moves this Court to dismiss Plaintiff's complaint with prejudice. In specific support of her request, Defendant would present the following argument and authority:

1.   Rule 12(c) of the Federal Rules of Civil Procedure expressly provides,

Motion for Judgment on the Pleadings. After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings.

Motions for judgment pursuant to Rule 12(c) are analyzed under the same standards as a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). When ruling on a defendant's motion to dismiss, the Court must accept as true all of the factual

allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The Court should grant a motion for judgment on the pleadings when no genuine issue of material fact remains and a case may be decided as a matter of law. *Id.*

2. Article 4 of the Hague Convention on the Civil Aspects of International Child Abduction expressly provides as follows,

> The Convention shall apply to any child who was habitually resident in the Contracting State immediately before any breach of custody or access rights. **The Convention shall cease to apply when the child attains the age of 16 years.** (emphasis added).

3. A.J.A., the child who is the subject of this suit, was born on 6 June 1995, and is now 16 years of age. Accordingly, the terms of the Convention no longer apply and this Court no longer has jurisdiction to order A.J.A.'s return as requested in Plaintiff's complaint.

4. In light of the foregoing, Jacquelyn Vaye Abbott respectfully requests that this Honorable Court grant her motion pursuant to Fed. R. Civ. Proc. 12(c) and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

LAW OFFICES OF KARL E. HAYS
701 W. 11th Street
Austin, Texas 78701
512-476-1911
512-476-1904 facsimile

By: _____
Karl E. Hays
State Bar No. 09307050

ATTORNEY FOR JACQUELYN VAYE ABBOTT

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)* was served on the below named attorney as indicated, in accordance with the Federal Rules of Procedure on this __14th__ day of June 2011.

__ Hand Delivery
__ Courier Receipted Delivery
_x_ Telephonic Document Transfer
__ Certified Mail, Return Receipt Requested

_____
Karl E. Hays

Adair Dyer
P.O. Box 30020
Austin, Texas 78755-3020
343-7299 facsimile

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TIMOTHY MARK CAMERON ABBOTT,<br><br>  Plaintiff<br><br>V.<br><br>JACQUELYN VAYE ABBOTT,<br><br>  Defendant | §§§§§§§§§§§<br>Civil Action No. A-06-CA-359-LY |

### ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

The Court, upon considering the merits of Defendant's *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. Rule 12(c)*, finds that Defendant's motion should be granted.

Accordingly, it is ORDERED that Defendant's *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. Rule 12(c)* is granted and that Plaintiff's complaint is dismissed with prejudice.

SIGNED this _____ day of _____ 2011.

_____
Lee Yeakel
UNITED STATES DISTRICT JUDGE